IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAMPOS CREATIVE SCHOOL PORTRAITS,

        Plaintiff,

v.                                                                   No. 10-CV-0055 MCA/ACT

IKON OFFICE SOLUTIONS, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court upon Plaintiff's *Motion to Join Additional Party Defendant*, [Doc. 24] by which Plaintiff seeks leave to join Richard Pellegrino as a defendant to this action.  The Court, having considered  Plaintiff's motion, Defendant's response, and Plaintiff's reply, and the applicable law, and otherwise being fully advised, finds that Plaintiff's motion is well taken and should be granted.

        Plaintiff  filed its Complaint for Misrepresentation, Breach of Contract, and Unfair Trade Practices [Doc. 1-1] in the Second Judicial District Court of  New Mexico on December 21, 2009.  Defendant removed the case to this Court on January 21, 2010, relying on 28 U.S.C. § 1332 as the basis for original jurisdiction in this Court.  There appears to be no dispute that complete diversity of citizenship exists between Plaintiff and Defendant:  Plaintiff is a New Mexico corporation with its principal place of business in Bernalillo County, New Mexico, and Defendant is an Ohio corporation with its principal place of business in Pennsylvania. By its Motion, Plaintiff seeks to join Pellegrino, a former employee of Defendant, in order assert a

Case 1:10-cv-00055-MCA-ACT   Document 41   Filed 08/16/10   Page 2 of 4

fraud claim and a NMUPA claim against Pellegrino. It appears that Pellegrino is a citizen[1] of New Mexico for purposes of diversity jurisdiction. [Doc. 26 at 2] Therefore, if Plaintiff's Motion is granted, complete diversity will be destroyed, and the Court will be required to remand this case to State court. 28 U.S.C. § 1447(c) and (e).

Plaintiff seeks to join Pellegrino pursuant to Fed. Civ. P. Rule 20(a)(2), which provides:

Persons. . . may be joined in one action if:

(A)  any right to relief is asserted against them. . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B)  any question of law or fact common to all defendants will arise in the action.

The Court is persuaded that joinder of Pellegrino is proper under Rule 20(a)(2). Plaintiff's claims against Pellegrino unquestionably arise out of the same transaction that gives rise to Plaintiff's claims against Defendant: Plaintiff's acquisition of a Canon ImagePress 7000 copier from Defendant. Indeed, Pellegrino is alleged to have been the employee and agent of Defendant who solicited Plaintiff's business and who falsely represented to Plaintiff that the copier had been refurbished with new parts. Therefore, Plaintiff's claims against Pellegrino satisfy Rule 20(a)(2)(A). Considering that Pellegrino was acting as Defendant's agent, the Court anticipates that there will be factual overlap between Plaintiff's claims against Defendant and his claims against Pellegrino. Most obviously, Plaintiff's claims against both Defendant and Pellegrino will turn upon Plaintiff's allegations that Pellegrino represented to Plaintiff that the copier would meet Plaintiff's needs and that the copier had been refurbished with brand new

---

[1] The proposed amended complaint alleges that Pellegrino is a "resident" of New Mexico. [Doc. 23 at 9] "A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction." *Tucker v. Thomasville Toyota*, 623 F. Supp. 2d 1378, 1381 (M.D. Ga. 2008). However, in its response to the present motion, Defendant appears to concede Pellegrino's New Mexico citizenship. [Doc. 26 at 2 (asserting that "joinder of Pellegrino would destroy complete diversity")]

parts.  The same New Mexico substantive law will govern Plaintiff's misrepresentation and NMUPA claims against both Defendant and Pellegrino.  Therefore, joinder of Pellegrino satisfies Rule 20(a)(2)(B)'s requirement of at least one common question of law or fact.

Defendant argues that even if Rule 20(a)(2) is satisfied, the Court nevertheless should deny Plaintiff's Motion in the exercise of its discretion.[2] Ultimately, "[t]he decision to permit joinder of diversity-defeating parties is discretionary and guided essentially by equitable considerations."  *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781 (S.D. Ill. 2006).

Defendant has not demonstrated how joinder and the resulting statutorily-mandated remand to state court would unfairly prejudice Defendant in its defense of this lawsuit. Certainly, Defendant has not argued that it cannot obtain a fair trial in state court.  *See Byers v. Life Care Centers of America, Inc.*, Civil Action No. 08-2061-CM, 2008 WL 1867976 *2 (D. Kan. April 24, 2008) ("[T]he court recognizes that defendant would like to try this case in federal court, but the court is confident that defendant will receive the same fair and balanced  consideration in state court that it would receive in federal court.").   A New Mexico district court is a forum in which both Defendant and Pellegrino can be joined without defeating subject-matter jurisdiction and in which the parties will receive fair and balanced consideration of the matters at issue. Interests of judicial economy favor trying this case in a single proceeding. Defendant's interest in a federal forum is outweighed by the economy and efficiency of trying all of Plaintiff's claims in a single proceeding. *Brown*, 461 F. Supp. 2d at  784-85.

IT IS THEREFORE HEREBY ORDERED that Plaintiff's *Motion to Join Additional*

---

[2]In arguing against joinder, [Doc. 26 at 1-3] Defendant has unduly relied on cases decided prior to the 1988 amendments to § 1447 that added subsection (e). Subsection 1447(e) expressly authorizes the joinder of  "additional  defendants whose joinder would destroy subject matter jurisdiction."

*Party Defendant* [Doc. 24] is **granted**, and Richard Pellegrino **joined** as a defendant to this action;

IT IS FURTHER ORDERED that in view of the joinder of Richard Pellegrino as a non-diverse defendant, this action is **remanded** to the Second Judicial District Court of New Mexico pursuant to 28 U.S.C. § 1447(c) and (e).

**SO ORDERED this 16TH day of August, 2010.**

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE